## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | |
|---|---|
| NANCY BLANCHARD, )<br><br>     **Plaintiff**          )<br><br>**v.**                                )<br><br>SCOTT PRATER,<br>an investigator for the<br>Smyth County Sheriff's Office;          )<br><br>JONATHAN A. TABOR,<br>Special Agent for the<br>Bureau of Alcohol, Tobacco,<br>Firearms and Explosives;          )<br><br>DOUG TUCK,<br>a deputy with the<br>Wythe County Sheriff's Office and<br>the Claytor Lake Drug Task Force;          )<br><br>and          )<br><br>ADAM WILLIAMS,<br>*a/k/a* A.M. WILLIAMS,<br>an investigator for the<br>Wythe County Sheriff's Office,          )<br><br>     **Defendants.**          ) | **Civil Action No.** 7:17-CV-00079 |

## COMPLAINT

Plaintiff Nancy Blanchard (*hereinafter* "Mrs. Blanchard"), by counsel, moves for

judgment against Defendants Scott Prater, an investigator for the Smyth County Sheriff's

Office; Jonathan A. Tabor, Special Agent for the Bureau of Alcohol, Tobacco, Firearms

and Explosives; Doug Tuck, a deputy with the Wythe County Sheriff's Office; and Adam

Williams, *a/k/a* A.M. Williams, an investigator for the Wythe County Sheriff's Office,[1]

and as grounds therefore states as follows:

## INTRODUCTION

1.      This is an action for:

      a.      Violation of the Fourth Amendment to the United States

            Constitution, pursuant to 42 U.S.C. § 1983;

      b.      Malicious prosecution; and

      c.      Malicious prosecution in violation of constitutional rights.

## JURISDICTION

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)

and (4).

3.      Mrs. Blanchard respectfully requests that this Court exercise supplemental

jurisdiction over her state law claim pursuant to 28 U.S.C. § 1367.

4.      All events giving rise to this action occurred in Wythe County, Virginia:

venue is proper in the Western District of Virginia, Roanoke Division, pursuant to 28

U.S.C. § 1391(b)(2).

## THE PARTIES

5.      Mrs. Blanchard is/was an owner and resident of the real estate at 543 Red

Apple Orchard Road, Rural Retreat, Virginia 24368 (*hereinafter* the "Blanchard

property"), which is located primarily in Wythe County, Virginia.[2] Mrs. Blanchard is/was

married to Robert C. Blanchard. Mr. Blanchard is/was an over-the-road truck driver, and

---

[1] Defendants are sued in their individual capacities: descriptions are merely to ensure the
Defendants are accurately identified.
[2] Part of the 12-acre property is located in Smyth County, but the residence located on the
property is in Wythe County.

from time to time would stay at the Apple Orchard Road address. Within the residence

Mr. and Mrs. Blanchard maintain separate areas, and use separate entrances to gain entry

into their respective living areas.

6.     On or about January 9, 2014, Scott Prater (*hereinafter* "Prater") was an

investigator for the Smyth County Sheriff's Office who participated in an unlawful search

of the Blanchard home in violation of the Fourth Amendment to the Constitution of the

United States.

7.     On or about January 9, 2014, Jonathan A. Tabor (*hereinafter* "Tabor") was

Special Agent for the Bureau of Alcohol, Tobacco, Firearms and Explosives who

participated in an unlawful search of the Blanchard home in violation of the Fourth

Amendment to the Constitution of the United States.

8.     On or about January 9, 2014, Doug Tuck (*hereinafter* "Tuck") was a

deputy with the Wythe County Sheriff's Office and the Claytor Lake Drug Task Force

who participated in an unlawful search of the Blanchard home in violation of the Fourth

Amendment to the Constitution of the United States.

9.     On or about January 9, 2014, Adam Williams, *a/k/a* A.M. Williams

(*hereinafter* "Williams") was an investigator for the Wythe County Sheriff's Office who

facilitated and/or participated or assisted in an unlawful search of the Blanchard home in

violation of the Fourth Amendment to the Constitution of the United States.

**FACTS**

10.    The foregoing paragraphs are adopted and re-alleged herein as if fully set

forth.

3

11.     During the early morning hours of January 9, 2014,[3] law enforcement officers arrested Mr. Blanchard on gun and drug possession charges.

12.     Hours after arresting Mr. Blanchard, the Defendants proceeded to the Blanchard property.

13.     Upon arriving at the property, the Defendants and/or other law enforcement officers at Defendants' direction established a perimeter around the property and refused to permit anyone to enter or leave the property.

14.     Several hours later the Defendants and/or other law enforcement officers at Defendants' direction approached the Blanchard residence, secured it, and began a thorough search of the residence and its curtilage.

15.     Defendant Tuck told Mrs. Blanchard that a search warrant had been obtained and that he would provide a copy to her, but at the time officers seized and then began to search the property, no search warrant had been obtained.

16.     While searching the property, Defendants and/or other law enforcement officers at Defendants' direction seized Mrs. Blanchard and would not permit her to leave the property, restricted her movements within her residence, and then removed her from the residence and questioned her about alleged illegal activity.

17.     Several hours after the Defendants and/or other law enforcement officers at Defendants' direction had seized and begun their search of Mrs. Blanchard's property, Defendant Williams prepared and presented to a magistrate an affidavit for search warrant, and upon which the magistrate relied in issuing a search warrant. However, the search warrant affidavit was erroneous in material respects.

---

[3] Mrs. Blanchard was criminally prosecuted as a result of the events alleged herein: this action is filed within statute of limitations as it was tolled during her prosecutions.

18.     Defendants and/or other law enforcement officers at Defendants' direction removed property from the Blanchard residence that they failed to record on the search warrant inventory list, and/or otherwise failed to notify Mrs. Blanchard of all property seized and taken from the residence.

19.     Defendants and/or other law enforcement officers at Defendants' direction damaged property within the Blanchard residence. For example:

      a.  Defendant Williams kicked in the door to Mr. Blanchard's room within the home thereby damaging the door;

      b.  Defendants and/or other law enforcement officers at Defendants' direction broke the lock on Mrs. Blanchard's gun cabinet; and

      c.  Defendants and/or other law enforcement officers at Defendants' direction damaged a cabinet in the kitchen during their search.

20.     Thereafter, Defendants attempted to question Mr. Blanchard about alleged illegal activities. When Mr. Blanchard refused to provide to the Defendants the identity of his drug supplier, the Defendants threatened to obtain criminal charges against Mrs. Blanchard despite there being no evidence that she had done anything illegal.

21.     Despite this threat, Mr. Blanchard refused to provide Defendants with the information they sought.

22.     Accordingly, on April 21, 2014, Defendants made good on their threat: Defendant Williams appeared before the Grand Jury for the Circuit Court for Wythe County and provided information from which the Grand Jury indicted Mrs. Blanchard on three (3) counts of Possession of a Firearm while Possessing with Intent to Distribute a

Schedule II Controlled Substance; and one (1) count of Possession with Intent to Distribute Methamphetamine.

23. Upon information and belief, the other Defendants assisted Williams in pursuing the criminal charges against Mrs. Blanchard and/or in providing the information about which Williams testified to before the Grand Jury.

24. Mrs. Blanchard was arrested on those indictments on April 24, 2014.

25. From April 24 until May 19, 2014, Mrs. Blanchard was incarcerated at the New River Valley Regional Jail in solitary confinement because a family member worked at the jail.

26. When Mrs. Blanchard secured her release from jail, she was prohibited from leaving the Commonwealth of Virginia, and had to pay a bail bondsman to post a bond for her release.

27. These charges were ultimately *nolle prosequied* on March 2, 2015, but Defendants were not finished with Mrs. Blanchard.

28. On or about April 21, 2015, again based on evidence from Defendant Williams, the Wythe County Grand Jury indicted Mrs. Blanchard for Possession with Intent to Distribute Methamphetamine, and Possession of a Firearm while Possessing a Schedule II Controlled Substance.

29. Upon information and belief, the other Defendants assisted Williams in pursuing the criminal charges against Mrs. Blanchard and/or in providing the information about which Williams testified to before the Grand Jury.

30. On these new charges, Mrs. Blanchard was arrested on April 29, 2015.

31. Ultimately, these two (2) charges were dismissed on March 2, 2016.

6

32.    To defend her from these criminal charges, Mrs. Blanchard incurred legal fees in the amount of approximately $10,000.

33.    Mrs. Blanchard did not recover all of the items that were seized from her home by the Defendants on or about January 9, 2014:

a.    Mr. and Mrs. Blanchard's Mazda automobile, which still had an outstanding balance owed of approximately $7,000.00, was impounded by the Defendants: Mrs. Blanchard repeatedly called the Wythe County Sheriff's Office in an attempt to retrieve the vehicle, but she was told it was sold to pay storage fees;

b.     Mrs. Blanchard only received one (1) of the videotapes from her video surveillance cameras, but the video footage had been erased;

c.    Mrs. Blanchard recovered her Kyocera cell phone as well as her digital camera, but pictures were erased from those items as well;

d.    Mrs. Blanchard did not recover her Suzuki four-wheeler; this item was surrendered as a condition of Mr. Blanchard's plea agreement; and

e.    Mrs. Blanchard has not recovered her pump .22-caliber rifle.

34.    Mrs. Blanchard's doctor, at the time recommended that she seek treatment from a psychiatrist in Bluefield, West Virginia, when she was first released from jail on bond, to address symptoms that arose as a result of the January 9, 2014 incident and her subsequent prosecution.

35.    However, Mrs. Blanchard was prohibited from leaving the state as a condition of her release and could not seek treatment from the recommended psychiatrist.

36.     Mrs. Blanchard's current primary care doctor also recommended that she seek treatment from a therapist and has prescribed to Mrs. Blanchard medications for symptoms that arose as a result of the January 9, 2014 search of her residence and the events that occurred thereafter surrounding her arrest and prosecution.

**COUNT I**
**VIOLATION OF THE FOURTH AMENDMENT**
**AGAINST PRATER, TABOR, TUCK, AND WILLIAMS**
**IN THEIR INDIVIDUAL CAPACITIES**

37.     The foregoing paragraphs are adopted and re-alleged as if fully set forth herein.

38.     Defendants Prater, Tabor, Tuck, Williams, and other unknown law enforcement officers unlawfully entered and seized Mrs. Blanchard's home, and unlawfully seized Mrs. Blanchard and property from Mrs. Blanchard's home without a warrant; without exigent circumstances that legally justified their entry into and search of the Blanchard home.

39.     In doing so, Prater, Tabor, Tuck, and Williams violated Mrs. Blanchard's right to be free from unreasonable search and seizure, secured to her by the Fourth Amendment to the Constitution of the United States.

40.     Prater, Tabor, Tuck, and Williams acted under color of law when they seized Mrs. Blanchard and when they seized and searched Mrs. Blanchard's home without a warrant and without exigent circumstances that justified their warrantless entry and search of Mrs. Blanchard's home.

41.     As a direct and proximate result of the actions of Prater, Tabor, Tuck, and Williams, Mrs. Blanchard was seized and her home was seized and searched in violation of the Fourth Amendment to the United States Constitution.

42.     As a direct and proximate result of the actions of Prater, Tabor, Tuck, and Williams, Mrs. Blanchard suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary loss.

43.     At the time of the actions of Prater, Tabor, Tuck, and Williams, the right of Mrs. Blanchard to be free from unreasonable search and seizure was clearly established, and Prater, Tabor, Tuck, and Williams cannot avail themselves of qualified immunity.

44.     At all times material thereto, Prater, Tabor, Tuck, and Williams violated the right of Mrs. Blanchard to be free from unreasonable search and seizure, with malice or reckless indifference to her constitutionally-protected rights, and knew or should have known that their actions violated the law, so as to support an award of liquidated and/or punitive damages.

WHEREFORE, Mrs. Blanchard, for violation of her constitutional rights, asks this Court to:

a.     Declare that the actions of Prater, Tabor, Tuck, and Williams violated Mrs. Blanchard's Constitutional rights;

b.     Award Mrs. Blanchard compensatory damages against Prater, Tabor, Tuck, and Williams;

c.     Award Mrs. Blanchard punitive damages against Prater, Tabor, Tuck, and Williams;

d.     Award Mrs. Blanchard her costs and attorneys' fees incurred/expended herein; and

9

e.     Award Mrs. Blanchard such other relief as the Court may deem necessary

and appropriate.

**COUNT II**
**MALICIOUS PROSECUTION (STATE LAW CLAIM) AGAINST**
**PRATER, TABOR, TUCK, AND WILLIAMS**

45.     The foregoing paragraphs are adopted and re-alleged as if fully set forth

herein.

46.     Defendants Prater, Tabor, Tuck, and Williams instituted and/or, with their

cooperation, procured the prosecution of Mrs. Blanchard for three (3) counts of

Possession of a Firearm while Possessing with Intent to Distribute a Schedule II

Controlled Substance; and one (1) count of Possession with Intent to Distribute

Methamphetamine.

47.     Defendants Prater, Tabor, Tuck, and Williams instituted and/or, with their

cooperation, procured the second prosecution of Mrs. Blanchard for Possession with

Intent to Distribute Methamphetamine, and Possession of a Firearm while Possessing a

Schedule II Controlled Substance.

48.     Both the first and second prosecutions against Mrs. Blanchard were

without probable cause.

49.     The first prosecution against Mrs. Blanchard was *nolle prosequied*, *i.e.,*

terminated in a manner not unfavorable to Mrs. Blanchard.

50.     The second prosecution against Mrs. Blanchard was dismissed, *i.e.,*

terminated in a manner not unfavorable to Mrs. Blanchard.

51.     Defendants Prater, Tabor, Tuck, and Williams instituted or procured the

prosecution of Mrs. Blanchard with malice.

10

52.     As a result of the Defendants' actions, Mrs. Blanchard has suffered pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary loss.

53.     Defendants Prater, Tabor, Tuck, and Williams acted with actual malice so as to support an award of punitive damages.

WHEREFORE, Mrs. Blanchard, for malicious prosecution, moves for judgment in compensatory damages and punitive damages against Defendants Prater, Tabor, Tuck, and Williams in an amount and sum to be determined by a jury, and for such other relief as the Court may deem necessary and appropriate.

**COUNT III**
**MALICIOUS PROSECUTION AGAINST**
**PRATER, TABOR, TUCK, AND WILLIAMS**
**IN VIOLATION OF THE FOURTH AMENDMENT**

54.     The foregoing paragraphs are incorporated herein as if fully set forth.

55.     Defendants Prater, Tabor, Tuck, and Williams instituted and/or, with their cooperation, procured the prosecution of Mrs. Blanchard for three (3) counts of Possession of a Firearm while Possessing with Intent to Distribute a Schedule II Controlled Substance; and one (1) count of Possession with Intent to Distribute Methamphetamine.

56.     Defendants Prater, Tabor, Tuck, and Williams instituted and/or, with their cooperation, procured the second prosecution of Mrs. Blanchard for Possession with Intent to Distribute Methamphetamine, and Possession of a Firearm while Possessing a Schedule II Controlled Substance.

57.     Both the first and second prosecutions against Mrs. Blanchard were without probable cause.

11

58.     The first prosecution against Mrs. Blanchard was *nolle prosequied*, *i.e.,* terminated in a manner not unfavorable to Mrs. Blanchard.

59.     The second prosecution against Mrs. Blanchard was dismissed, *i.e.,* terminated in a manner not unfavorable to Mrs. Blanchard.

60.     Defendants acted as alleged herein with malice.

61.     Defendants acted under color of state law, and/or federal law.

62.     Defendants' actions deprived Mrs. Blanchard of a federally protected right, *i.e.,* to be free from unreasonable seizure.

63.     As a result of the Defendants' actions, Mrs. Blanchard has suffered pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary loss.

64.     At all times material hereto, Defendants denied Mrs. Blanchard her constitutionally-protected rights, and knew or should have known that their actions violated federal law, so as to support an award of liquidated and/or punitive damages.

WHEREFORE, Nancy Blanchard, by counsel, for violation of his constitutional rights, asks this Court to:

a.  Declare that Defendants' actions violated the Fourth Amendment to the Constitution of the United States;

b.  Award her compensatory damages in an amount to be determined by a jury;

c.  Award her punitive damages in an amount to be determined by a jury;

d.  Award her costs and attorneys' fees incurred/expended herein; and

e.  Award her such other relief as the Court may deem necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury.

Respectfully submitted,
NANCY BLANCHARD

*/s/ Melvin E. Williams*
Of Counsel

Melvin E. Williams (VSB No. 43305)
  *mel@melwilliamslaw.com*
Meghan A. Strickler (VSB No. 88556)
  *meghan@melwilliamslaw.com*
MEL WILLIAMS PLC
1320 Third Street, SW
Roanoke, Virginia 24016
540-266-7800
540-206-3857 *facsimile*
        *Counsel for Nancy Blanchard*

13