IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

NANCY BLANCHARD,                     )
                                     )
    Plaintiff,                       )
                                     )
v.                                   )    Civil Action No. 7:17-cv-00079
                                     )
SCOTT PRATER, *et al*,               )    By: Elizabeth K. Dillon
                                     )        United States District Judge
    Defendants.                      )

**MEMORANDUM OPINION**

Plaintiff Nancy Blanchard brings this action against Scott Prater, an investigator for the Smyth County Sheriff's Office; Jonathan Tabor, Special Agent for the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF); Doug Tuck, a deputy with the Wythe County Sheriff's Office; and Adam Williams, an investigator for the Wythe County Sheriff's Office.[1] Blanchard brings claims for defendants' violation of her Fourth Amendment rights and for malicious prosecution. This matter is before the court on two motions: 1) defendant Jonathan Tabor's motion to dismiss the amended complaint under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1), and 2) defendants Scott Prater, Doug Tuck, and Adam Williams' motion to partially dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, for summary judgment. The motions have been fully briefed and argued before the court. For the reasons set forth below, the court will grant in part and deny in part Tabor's motion to dismiss, and it will grant Prater, Tuck, and Williams' motion to partially dismiss.[2]

---

[1] Blanchard brings suit against defendants in their individual capacities. (Am. Compl. 2, Dkt. No. 31.)

[2] The court grants Prater, Tuck, and Williams' motion, except to the extent it seeks to dismiss plaintiff's request for punitive damages. *See* footnote 5, *infra*.

# I. BACKGROUND

Nancy Blanchard (Blanchard) is an owner and resident of a home located on Apple Orchard Road in Wythe County, Virginia. Robert Blanchard (Mr. Blanchard), Blanchard's husband, was a truck driver who would occasionally stay at the Apple Orchard Road address. Mr. and Mrs. Blanchard "maintain[ed] separate areas, and use[d] separate entrances to gain entry into their respective living areas" at the address. (Compl. ¶ 5.)

On the night of January 9, 2014, law enforcement officers arrested Mr. Blanchard on gun and drug possession charges. Later that night, defendants Prater, Tabor, Tuck, and Williams proceeded to the Blanchard home, where they established a perimeter and refused to permit anyone to enter or leave the property. Several hours after they arrived, defendants began a thorough search of the Blanchard home and curtilage. Prater, Tabor, and other law enforcement officers, at defendants' direction, seized Blanchard and would not allow her to leave the property until they removed her to question her about alleged illegal activity. Tuck informed Blanchard that a search warrant had been obtained and that he would give her a copy. Nevertheless, at that time "no search warrant had been obtained." (*Id.* ¶ 15.)

"Several hours after" the search began, Williams prepared and presented an affidavit for search warrant to a magistrate, who issued a search warrant. (*Id.* ¶ 17.) The affidavit listed as defendant a person other than Mr. or Mrs. Blanchard, it erroneously described the house as blue with a white porch, and it "lacked necessary facts to support the reliability of a confidential informant whose testimony was relied upon." (*Id.* ¶ 18.) In the meantime, defendants removed property that they failed to record on the search warrant inventory list and damaged property within the home.

When defendants questioned Mr. Blanchard, he refused to state the identity of his drug supplier. Defendants "threatened to obtain criminal charges against Mrs. Blanchard despite there being no evidence that she had done anything illegal," (*id.* ¶ 21), but Mr. Blanchard still refused to provide the information.

On April 21, 2014, Williams testified before the grand jury for the Circuit Court for Wythe County. "Upon information and belief," Williams provided "misleading and false testimony," which included that Blanchard "possessed Methamphetamine, possessed Methamphetamine with the intent to distribute and/or sell it, and possessed a firearm while engaged in distributing Methamphetamine." (*Id.* ¶ 27.) The testimony was misleading and false because "absolutely no evidence existed, or now exists," that would support it. (*Id.* ¶ 35.) Also "[u]pon information and belief," defendants Prater, Tabor, and Tuck "assisted Williams" in providing this misleading testimony. (*Id.* ¶ 28.) Blanchard was subsequently indicted—for the offense date of January 9, 2014—on three counts of possessing or using a firearm while committing or attempting to commit the illegal distribution of drugs in violation of Virginia Code § 18.2-308.4.C and one count of possession with intent to distribute methamphetamine. Blanchard was arrested on the indictments on April 24, 2014, and she was incarcerated at the New River Valley Regional Jail—in solitary confinement because a family member worked there—until May 19, 2014. The charges were *nolle prosequied* on March 2, 2015.

On April 21, 2015, again based on Williams' testimony, the grand jury indicted Blanchard on two of the same counts. She was arrested on April 29, 2015, and the charges were dismissed on March 2, 2016.

3

## II. DISCUSSION

### A. Standard of Review

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's allegations must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard "requires the plaintiff to articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief, *i.e.*, the 'plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). The plausibility standard requires more than "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

In determining whether the plaintiff has met this plausibility standard, the court must accept as true all well-pleaded facts in the complaint and in any documents incorporated into or attached to the complaint. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). Further, it must "draw[] all reasonable factual inferences from those facts in the plaintiff's favor," *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999), but it need not "accept legal conclusions couched as facts or 'unwarranted inferences, unreasonable conclusions, or arguments,'" *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) (quoting *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008)).

### B. Tabor's Motion to Dismiss

Tabor moves to dismiss the two counts of the complaint in which he is named—Counts One and Five—under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). For the following reasons, the court will deny Tabor's motion to dismiss as to Count One and grant the motion as to Count Five.

## 1. Blanchard sufficiently states a Fourth Amendment claim for illegal search and seizure.

Count One of the complaint alleges that all of the defendants violated Blanchard's Fourth Amendment rights when they seized her and when they seized and searched her home without a warrant or exigent circumstances. Only defendant Tabor moves to dismiss this count.

It is well-settled law[3] that "a search conducted without a warrant issued upon probable cause is 'per se unreasonable . . . subject only to a few specifically established and well-delineated exceptions.'" *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973) (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)). These exceptions "must be narrow and well-delineated in order to retain their constitutional character." *United States v. Yengel*, 711 F.3d 392, 396 (4th Cir. 2013) (citing *Flippo v. West Virginia*, 528 U.S. 11, 13 (1999) (per curiam)). It is generally unreasonable for police officers to enter an individual's home without consent, a warrant, or exigent circumstances to justify the intrusion. *See, e.g.*, *Steagald v. United States*, 451 U.S. 204, 211–12 (1981). Searches of the home are particularly significant, as "the Fourth Amendment has drawn a firm line at the entrance to the house," and "[a]bsent exigent circumstances, that threshold may not reasonably be crossed without a warrant." *Payton v. New York*, 445 U.S. 573, 590 (1980).

There is no question that Blanchard has sufficiently stated a claim under the Fourth Amendment for unlawful search and seizure. The complaint alleges that at the time Blanchard was seized and the search of her home began, "no search warrant had been obtained." (Compl. ¶ 15.) Indeed, the complaint goes on to specify that a search warrant was not issued until "[s]everal hours after [defendants] had seized and begun their search of Mrs. Blanchard's

---

[3] Since the law is clearly established, it is not necessary to address Tabor's arguments as to qualified immunity. (*See* Def's Reply 1–3, Dkt. No. 54.)

property." (*Id.* ¶ 17.) Defendant Tabor asks the court to draw the "plausible inference" that he "relied upon representations of Defendant Tuck that a warrant had been obtained" before beginning his search. (Def's Reply 4, Dkt. No. 54.) But Tabor's knowledge of the status of the search warrant is irrelevant; the relevant question is whether a warrant had been issued. *See Brigham City, Utah v. Stuart*, 547 U.S. 398, 404 (2006) (emphasizing that law enforcement officer's knowledge or state of mind is "irrelevant in determining whether that officer's actions violate the Fourth Amendment" prohibition of illegal searches and seizures). Accordingly, the court will deny Tabor's motion to dismiss Count One.

  2. **Blanchard fails to state a claim for conspiracy to maliciously prosecute under federal law.**

Count Five of the complaint alleges that all of the defendants conspired to maliciously prosecute Blanchard in violation of the Fourth Amendment because Mr. Blanchard would not provide information to them about his alleged criminal activity. In particular, Blanchard alleges that the defendants conspired to provide misleading information to the grand jury in order to secure the two indictments against her.

A complaint alleging a conspiracy in general, and conspiracy to maliciously prosecute specifically, requires "enough factual matter (taken as true) to suggest that an agreement was made." *Rose v. Centra Health, Inc.*, No. 6:17-cv-12, 2017 WL 3392494, at *14 (W.D. Va. Aug. 7, 2017) (quoting *Twombly*, 550 U.S. at 556). This requires more than "an allegation of parallel conduct and a bare assertion of conspiracy" because such conduct "could just as well be independent action." *Twombly*, 550 U.S. at 556–57. However, "[a]sking for plausible ground to infer an agreement does not impose a probability requirement at the pleading stage," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Id.* at 556.

6

Here, Blanchard has failed to allege plausible ground on which the court could infer conspiracy to maliciously prosecute.[4] No allegations extend beyond Blanchard's conclusory assertions that all of the defendants "conspired to maliciously prosecute" her and "conspired to provide misleading information" to the grand jury. (Compl. ¶¶ 89–90.) Likewise, the complaint contains no allegations that would support the court's inferring that a meeting of the minds among defendants took place at all, let alone how or when Tabor joined such a meeting. *Compare with Rose*, 2017 WL 3392494, at *14 (denying motion to dismiss conspiracy to maliciously prosecute claim where plaintiff alleged defendants failed to obtain warrant before arresting him, realized that his arrest was unlawful, called third defendant to discuss the problem, whereupon the third defendant sought an additional warrant). Blanchard also fails to identify what acts Tabor took in furtherance of the alleged conspiracy; instead, the complaint acknowledges (¶¶ 90–91) that it was only defendant Williams who testified before the grand jury. *See Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012) ("The primary problem that [plaintiff] faces in this [malicious prosecution] proceeding is that he was indicted by a [g]rand jury before which [defendant] did not even testify."). Because the complaint contains no more than "a bare assertion of conspiracy," *Twombly*, 550 U.S. at 556, the court will grant Tabor's motion to dismiss Count Five.

---

[4] Because the court concludes that Count Five fails to state a claim for relief against Tabor, it does not reach Tabor's argument that, if the court were to construe Count Five as a state-law tort claim, it should be dismissed under Federal Rule of Civil Procedure 12(b)(1).

## C. Prater, Tuck, and Williams' Motion to Partially Dismiss, or in the Alternative, for Partial Summary Judgment

Prater, Tuck, and Williams move to dismiss Counts Two through Five[5] of the amended complaint under Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, for summary judgment. For the following reasons, the court will grant the motion to dismiss.

### 1. Williams has absolute immunity for his grand jury testimony, and Blanchard fails to state a state-law claim for malicious prosecution against Prater and Tuck.

Count Two is a state-law claim for malicious prosecution against defendants Williams, Prater, and Tuck. In Virginia, suits for malicious prosecution are not favored, and the standard for maintaining such actions[6] is more stringent than it is for most other tort claims. *Lee v. Southland Corp.*, 244 S.E.2d 756, 758 (Va. 1978). Malicious prosecution requires a plaintiff to prove "by a preponderance of the evidence that the prosecution was: (1) malicious; (2) instituted by, or with the cooperation of, the defendant; (3) without probable cause; and (4) terminated in a manner not unfavorable to the plaintiff." *Stanley v. Webber*, 260 Va. 90, 95 (Va. 2000).

With respect to defendant Williams, the complaint alleges that his testimony before the grand jury in April 2014 and April 2015 was misleading and false, and "without this misleading testimony the grand jury would not have indicted Blanchard." (Compl. ¶¶ 26, 36.) Specifically, the complaint states that "[u]pon information and belief, Williams' misleading and false testimony included that Blanchard possessed Methamphetamine, possessed Methamphetamine with the intent to distribute and/or sell it, and possessed a firearm while engaged in distributing

---

[5] Defendants also move to dismiss Blanchard's requests (as to Counts Two through Five) for injunctive relief and punitive damages. Blanchard abandons her request for injunctive relief as to these counts. (Pl.'s Mem. in Opp'n 2 n.2, Dkt. No. 49.) Because a demand for relief is not part of a plaintiff's statement of the claim, Federal Rule of Civil Procedure 12(b)(6) may not be used as a vehicle to dismiss Blanchard's request for punitive damages. *See* Fed. R. Civ. P. 8(a); *Bocock v. Specialized Youth Serv. of Va., Inc.*, No. 5:14-cv-50, 2015 WL 1611387, at *2 (W.D. Va. Apr. 10, 2015).

[6] The court notes that whether it applies the state standard for malicious prosecution actions or the general pleading standard under Federal Rule of Civil Procedure 8 makes no difference to the resolution of this motion.

Methamphetamine" (Compl. ¶¶ 27, 37), despite the fact that "[a]bsolutely no evidence existed, or now exists," to support such testimony (*id.* ¶ 25).

This claim is precluded by *Rehberg v. Paulk*, 566 U.S. 356, 367 (2012). In *Rehberg*, the Supreme Court clarified that the absolute immunity from § 1983 claims that protects trial witnesses applies "with equal force" to grand jury witnesses, including police officers. 556 U.S. at 361. This immunity applies even if false or misleading testimony is alleged. *Id.* at 361, 367–68 ("Allowing civil suits for false grand jury testimony . . . would emasculate the confidential nature of grand jury testimony, and eviscerate the traditional absolute immunity for witness testimony in judicial proceedings.") (internal quotations and citations omitted). In light of *Rehberg*, Williams is immune from liability for his grand jury testimony, and Blanchard's claim against him for malicious prosecution fails as a matter of law.

With respect to defendants Prater and Tuck, the complaint alleges that "[u]pon information and belief, [they] assisted Williams in providing the misleading information about which Williams testified before the Grand Jury." (Compl. ¶¶ 28, 34.) But these allegations are merely "labels and conclusions," *Twombly*, 550 U.S. at 555, and Blanchard fails to allege any facts that, even taken in the light most favorable to her, indicate that Prater and Tuck had any involvement in her prosecution or with the information provided to the grand jury. Because Count Two of the complaint simply "tenders 'naked assertion[s]' devoid of 'further factual enhancements,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557), it fails to state a claim for relief against Prater and Tuck.

2. **Williams has absolute immunity for his grand jury testimony, and Blanchard fails to state a federal claim for malicious prosecution against Prater and Tuck.**

Count Three of the complaint also alleges malicious prosecution against defendants Williams, Prater, and Tuck, but under 42 U.S.C. § 1983. "A malicious prosecution claim under

9

§ 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012) (quoting *Lambert v. Williams*, 223 F.3d 257, 261 (4th Cir. 2000)). To state a federal claim for malicious prosecution, a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor. *Evans*, 703 F.3d at 647. Here, Blanchard's federal claim fails for the same reasons as her state-law claim for malicious prosecution: Williams has absolute immunity for his grand jury testimony, and the complaint contains only conclusory allegations as to Prater and Tuck. *See* Section C.1, *supra*.

3. **Blanchard fails to state a state-law claim for conspiracy to maliciously prosecute.**

Count Four is a state-law claim for conspiracy to maliciously prosecute against defendants Williams, Prater, and Tuck.[7] This claim fails for the same reasons as her malicious prosecution claims: namely, the complaint does not contain any factual allegations that would support its "naked assertion of conspiracy." *Twombly*, 550 U.S. at 556; *see* Section B.2, *supra* (discussing why Blanchard's federal claim for conspiracy to maliciously prosecute against Tabor must be dismissed).

4. **Blanchard fails to state a federal claim for conspiracy to maliciously prosecute.**

Count Five is also a claim for conspiracy to maliciously prosecute, but under federal law. This claim fails for the same reasons as stated above. *See* Sections B.2, C.3, *supra*.

---

[7] Defendants move to dismiss Counts Four and Five on the additional grounds that Blanchard failed to comply with Federal Rule of Civil Procedure 15(a) because these claims were not necessary to correct deficiencies in the original complaint but rather constitute entirely new causes of action. (Defs' Mtn 6–7, Dkt. No. 39.) The court, however, did not limit Blanchard's amendment of her complaint.

## III. CONCLUSION

For the foregoing reasons, the court will grant in part and deny in part Tabor's motion to dismiss, and it will grant Prater, Tuck, and Williams' motion to partially dismiss.

Entered: March 29, 2018.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge